# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-830V
(not to be published)

| | |
|---|---|
| DANIEL JOSEPH MARTIN,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: July 30, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Non-Compensable Billing |

*Kevin Kelly Fitzharris*, Barrett McNagny LLP, Fort Wayne, IN,, for Petitioner.

*Zoe Wade*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On June 5, 2019, Daniel Joseph Martin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on October 2, 2017. (Petition at 1). On May 5, 2021, a decision was issued awarding compensation to Petitioner in the amount of $102,764.79. (ECF No. 40).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated May 12, 2021 (ECF No. 43), requesting a total award of $43,882.26 (representing $43,148.00 in fees and $734.26 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 49). Respondent reacted to the motion on May 13, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 44). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

A. <u>Hourly Rates</u>

For attorney Kevin Fitzharris, Petitioner requests the hourly rate of $360 per hour for time billed in 2018; $370 per hour for time billed in 2019; $385 per hour for time billed in 2020; and $395 per hour for time billed in 2021. (ECF No. 43 at 3-4). Mr. Fitzharris has been a licensed attorney in Indiana since 1990, placing him in the range of attorneys with over 31 years' experience on the OSM Attorneys' Forum Hourly Rate Schedule.[3] (*Id.* at 3). In light of his overall experience and taking into account the OSM guidelines applied to attorney rates, the requested rates are reasonable, and I award them herein.

Petitioner also requests the rates for the paralegals who assisted Mr. Fitzharris as follows: for paralegal Barbara Geradot, the rates of $185 per hour for time billed in 2018 and $195 per hour for time billed in 2019; and for paralegal Denise Claxton, the rates of $150 per hour for time billed in 2020 and $160 per hour for time billed in 2021. (ECF No 43 at 4). These requested rates require adjustment. Ms. Geradot's requested rates exceed the Vaccine Program's published range for paralegals in 2018 and 2019.[4] I shall therefore reduce the requested rates to $145 per hour for time billed in 2018 and 2019. For Ms. Claxton's time, I shall award the rate of $150 per hour for time billed in 2020 and reduce the time billed in 2021 to the same rate. This reduced the fees to be awarded by the amount of **$1,057.00**.[5]

B. <u>Non-Compensable Billing</u>

Mr. Fitzhariss's paralegal billed a total of two hours for time spent on tasks which are not reimbursable. In particular, Petitioner requests fees associated with Mr. Fitzharris's bar admission to the Court of Federal Claims. However, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program," and this prohibition includes the cost of bar admission. *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about

---

[3] The of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] These rates are derived from the application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[5] This amount consists of ($185 - $145 = $40 x 8.5 hrs = $340) + ($195 - $145 = $50 x 13.6 hrs = $680) + ($160 - $150 x $10 x 3.7 hrs = $37) = $1,057.00.

3

an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

Given the foregoing, I will deny reimbursement for all such fees, reducing the amount to be awarded for attorney's fees by **$290.00**.[6]

## ATTORNEY COSTS

Petitioner requests $734.26 in overall costs. (ECF No. 43 at 16). This amount is comprised of obtaining medical records, PACER charges, and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with one exception for the cost listed as "Certificate of Good Standing". (*Id*). Just as an attorney is not allowed to bill for his time to obtain his bar membership, any costs associated with obtain a bar membership are also non-compensable. I will therefore deny reimbursement for these costs, reducing the amount to be awarded for attorney's fees by **$2.56**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$42,532.70** (representing $41,801.00 in fees and $731.70 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

                                                          **s/Brian H. Corcoran**
                                                          Brian H. Corcoran
                                                          Chief Special Master

---

[6] This amount consists of $145 x 2 hrs = $290.00

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.